UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 92-116(DSD)

United States of America,

       Plaintiff,

v.                                   **ORDER**

Lawrence Christopher Redding,

       Defendant.

    Tracy L. Perzel, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Lawrence Christopher Redding, #05489-041, Medical Center for Federal Prisoners, P.O. Box 4000, Springfield, MO 65801, defendant pro se.

This matter is before the court upon the pro se motion by defendant Lawrence Christopher Redding to vacate his term of supervised release under 18 U.S.C. § 3583(e)(2). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

On November 12, 1992, a jury convicted Redding of three counts of being a felon in possession of a firearm under 18 U.S.C. §§ 922(g) and 924(e)(1). At sentencing, the court determined that Redding was subject to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), based on six previous state felony convictions. The court sentenced Redding to a term of imprisonment of 327

months.  Redding appealed application of the ACCA to his sentence, and the Eighth Circuit affirmed.

On March 16, 1995, Redding moved to vacate his sentence under 28 U.S.C. § 2255.  The court denied the motion, and the Eighth Circuit affirmed.  Redding then moved to reduce his sentence under 18 U.S.C. § 3582 in 2001 and 2005.  The court denied both motions. On June 22, 2011, Redding filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1]  In the petition, Redding argued that his enhanced sentence under the ACCA must be vacated in light of Begay v. United States, 553 U.S. 137 (2008).  The court construed the petition as a second or successive motion under § 2255, and denied it for failure to obtain circuit court authorization.  The court further noted that, even if it considered the motion, it would be denied as untimely because it was brought more than one year after the Supreme Court decided Begay.  The Eighth Circuit summarily affirmed.

On December 31, 2014, Redding filed a motion under Federal Rule of Civil Procedure 60(b) and 28 U.S.C. § 1651.  The court treated the motion as brought under § 2255 and denied it, but granted a certificate of appealability.  Redding's appeal of that order is pending before the Eighth Circuit. Redding now brings the instant motion, arguing that his term of supervised release should

---

[1] Redding filed the petition in the District of Oregon, his place of incarceration.  The petition was transferred to the District of Minnesota on April 26, 2012.

2

be vacated under 18 U.S.C. § 3583(e)(2), given the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  The government objects to the motion.

**DISCUSSION**

The government argues that Redding's motion should be construed as a § 2255 motion because it is a substantive attack on his sentence.  The court agrees.  Through the instant motion, Redding is collaterally challenging his sentence.  A prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion with the trial court pursuant to 28 U.S.C. § 2255 or establishing that such a motion would be inadequate to test the legality of the sentence.  Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  Redding has not established that § 2255 is inadequate to address his concerns.

Because Redding did not receive permission from the Eighth Circuit to file this successive § 2255 motion, the court is without jurisdiction to consider it.[2]  See Boykin v. United States, 242

---

[2] The motion is successive to his initial 1995 motion and thus requires authorization even though Johnson was only recently decided.  Typically, a subsequent § 2255 motion "raising a claim that had not arisen at the time of a previous petition is not barred [as a second or successive petition] or as an abuse of the writ." Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003). Nonetheless, "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are successive" and require certification. Martin v. Benson, 815 F. Supp. 2d 1086, 1094 (D. Minn. 2011) (quoting Leal Garcia v.
(continued...)

F.3d 373, at *1 (8th Cir. Oct. 30, 2000).

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion for relief under 18 U.S.C. § 3583 [ECF No. 107] is denied; and

2.   Because the court treats the instant motion as a motion under 28 U.S.C. § 2255, the court grants a certificate of appealability under 28 U.S.C. § 2253.

Dated:  December 9, 2015

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court

---

[2](...continued)
Quarterman, 573 F.3d 214, 221 (5th Cir. 2009)); see also United States v. Claycomb, No. 14-8031, 577 F. App'x 804 (10th Cir. 2014).